IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY WAYNE TOLLEY,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE OF ILLINOIS, ROD R. BLAGOJEVICH, LISA MADIGAN, JESSE WHITE, JUDY BAAR TOPINKA, DANIEL W. HYNES, ROBERT R. THOMAS, COUNTY OF ST. CLAIR, ILLINOIS, MARK KERN, C. BARNEY METZ, ELLEN A. DAUBER, OFFICER MUELLER, VILLAGE OF SHILOH, OFFICER STAUDENMAIER, MEARLE L. JUSTUS, VINCENT J. LOPINOT, SHERIFF S. WRIGHT, BRIAN BABKA, DOES 1 THROUGH 4000, FAIRVIEW HEIGHTS, ILLINOIS, POLICE DEPARTMENT, EMMET A. FAIRFIELD, MONICA J. SPURLING, PATRICK LONDRIGAN, OFFICE OF LIEUTENANT GOVERNOR, PATRICK QUINN, L. HURST, VICTORIA VASILEFF, MICHAEL HICKEY, DANIEL J. CUNEO, ILLINOIS STATE BAR ASSOCIATION, ROBERT B. HAIDA, NORMAN FORSHEE, ANTHONY P. LIBRI, JR., AMERICAN BAR ASSOCIATION, BROWN, HAY, AND STEPHENS, UNITED COMMUNITY BANK, COMMISSIONER BANKING AND REAL ESTATE OF STATE OF ILLINOIS, and DOUGLAS GRUENKE,<br><br>  Defendants. | CIVIL NO. 06-627-GPM |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On August 14, 2006, Plaintiff Larry Wayne Tolley filed a 46 page *pro se* complaint against numerous individuals and state and local officials (*see* Doc. 1). This complaint is titled "Trespass on the Case, Assault and Battery, False Arrest, False Imprisonment, Extortion, Kidnapping, Conspiracy" and consists of 38 counts setting forth vague, rambling, and delusional allegations.

On October 5, 2006, Tolley filed an amended complaint adding more parties, including, among others, a clinical psychologist, Daniel Cuneo; the St. Clair County, Illinois prosecutor, Robert Haida; the Illinois State Bar Association; and the American Bar Association (*see* Doc. 45). This 76 page complaint is labeled a "supplimental original bill" [sic] and also consists of delusional ramblings about trespass, assault and battery, false arrest and imprisonment, extortion, kidnapping, conspiracy, and violations of various federal statutes such as the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961 to 1968, and 42 U.S.C. § 1983. While there are repeated references to the United States Constitution and various federal statutes throughout both the original complaint and the amendment, as will be discussed below, Plaintiff fails to assert any cognizable federal claims.

After numerous Defendants appeared and filed motions to dismiss, the Court set the matter for a hearing on December 18, 2006. Shortly before the hearing, Plaintiff moved for this Court to recuse (*see* Doc. 93). This motion set forth no reasonable basis for recusal, and it was denied on the record.

As an initial matter, the Court notes that it appears no defendant has been properly served. Pursuant to Federal Rule of Civil Procedure 4(e),

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial

district of the United States:

>   (1)  pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
>   (2)  by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).  Proper service upon corporations and associations in a judicial district of the United States is similarly achieved,

> in the manner prescribed for individuals under subsection (e)(1), or by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

FED. R. CIV. P. 4(h).  Nothing in the federal rule authorizes service by certified mail only.  Yet it appears that this is the only method by which Plaintiff has attempted to serve the numerous defendants named in this lawsuit (*see, e.g.*, Docs. 48-51).  Without proper service, no defendant is in default and, for this reason, the motions for default and/or default judgment filed by Plaintiff (Docs. 18-33 and 83-88) are **DENIED**.

But lack of proper service is only one of many problems with this action. Because proper service would not be enough to allow this action to proceed in the district court, the Court will briefly address the arguments raised by defense counsel in the pending motions to dismiss and the

merits of all claims.

The Court first notes the standard under which it considers a motion to dismiss. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a plaintiff's complaint to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). "The essence of a defendant's Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999) (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999)). In evaluating a Rule 12(b)(6) motion, a court must take a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002); *Strasburger v. Board of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359 (7th Cir. 1998). A complaint should be dismissed for failure to state a claim for relief only if "no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). *See also Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

As the Court stated at the December 18 hearing, the State of Illinois is immune from suit. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought."). The individual defendants named in the action who are employees of the State of Illinois are also entitled to sovereign immunity, as any actions allegedly taken by them were taken in their official capacity. *Id.* at 169 (noting that the sovereign

immunity bar "remains in effect when State officials are sued for damages in their official capacity."). Thus, the action fails against the following Defendants: State of Illinois, the Office of the Governor, Rod R. Blagojevich; Office of the Attorney General, Lisa Madigan; Office of the Lieutenant Governor, Patrick Quinn; Office of the Secretary of State, Jesse White; Office of Treasurer, Judy Baar Topinka; Office of Comptroller, Daniel W. Hynes; Office of the Chief Justice, Robert R. Thomas; C. Barney Metz; Ellen Dauber; Vince Lopinot; Brian Babka; Victoria Vasileff; Michael Hickey; Robert B. Haida; Patrick Londrigan; and Commissioner Banking and Real Estate, State of Illinois.

Moreover, the judicial defendants are entitled to judicial immunity. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991). "Although unfairness and injustice may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10 (*quoting Bradley v. Fisher*, 20 L.Ed. 646 (1872)). This doctrine mandates the dismissal of the following defendants: Office of Chief Justice, Robert R. Thomas, Judge Ellen A. Dauber, Judge Vincent J. Lopinot, Judge Brian Babka, and Judge Patrick J. Londrigan. Of course, a judge's absolute immunity extends to other public officials for "acts they are specifically required to do under court order or at a judge's discretion." *See Richman v. Sheahan*, 270 F.3d 430, 443 (7th Cir. 2001) (Bauer, J., dissenting). Thus, this similar doctrine of immunity bars the claims against Sheriff Mearle Justus and his deputies, Officer Wright and Officer L. Hurst.

With respect to the claims against the County of St. Clair, the Office of Chairman of St. Clair County Commissioners, Mark Kern, and the 911 Coordinator, Norman Forshee, the complaint, on

its face, simply fails to state a claim. At most, Plaintiff is alleging that the County of St. Clair has acted without lawful authority, but he fails to allege what the County has done that it was not authorized to do. This Court takes judicial notice that the County of St. Clair exists in fact and in law, and is lawfully authorized to have, and in fact has, officers, employees, contracts, and assets. The claims against these Defendants are simply frivolous on their face.

Plaintiff has also failed to state a claim against the Village of Shiloh and Officer Kurt Staudenmeier. This particular claim apparently revolves around an arrest on June 30, 2006. Plaintiff admits in the facts alleged that he did not have a valid driver's license or license plates. Lack of a valid driver's license and/or license plates gave Officer Staudenmeier probable cause to stop Plaintiff's vehicle, and the existence of probable cause serves as an absolute bar to a claim for wrongful arrest. *See, e.g., Davis v. Temple*, 673 N.E.2d 737 (Ill. App. Ct. 5th Dist. 1996).

The claim against Douglas Gruenke likewise fails. The gist of the allegation against Gruenke is that he had a conflict of interest when he prosecuted Plaintiff on a traffic violation, because he and the judge are lawyers. Like the other claims set forth by Plaintiff, this one is patently absurd and frivolous.

The claims against the law firm Brown, Hay, and Stephens, L.L.P., and Emmet A. Fairfield likewise fail to state a claim. These claims apparently arise out of a foreclosure action in which Plaintiff was involved and Brown, Hay, and Stephens, L.L.P., represented an opposing party. Like other parties in this action, Brown, Hay, and Stephens, L.L.P., and Emmet A. Fairfield enjoy immunity from any of Plaintiff's claims which relate to "statements or conduct closely associated with judicial proceedings." *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994).

The substantive allegations against United Community Bank ["UCB"] and Monica J.

Spurling are apparently based on a contention that Tolley requested information contained in UCB's Board of Directors meeting minutes but did not receive it. Even giving Plaintiff's allegations the most liberal reading as a claim under any federal statute, the complaint fails to state a claim upon which relief can be granted against these Defendants.

Finally, any claims not specifically mentioned herein, including those against the City of Fairview Heights, Illinois, Police Department and its officers, Daniel J. Cuneo, the Illinois State Bar Association, and the American Bar Association fail to meet the general rules of pleading under Rule 8 of the Federal Rules of Civil Procedure. A careful review of the complaint leads to the conclusion that Plaintiff has failed to state a claim against any one of the many Defendants.

In conclusion, the Court again notes that Plaintiff's original complaint and the amendment to it consist of delusional, nonsensical ramblings. Plaintiff has challenged the authority of this Court (*see* Doc. 93) as well as the Clerk of Court (*see* Doc. 62). His numerous, frequent filings have burdened the Clerk's office and wasted judicial resources. Accordingly, as stated at the December 18 hearing, Larry Wayne Tolley is hereby **ENJOINED** from filing any materials in the Southern District of Illinois without first submitting them to the undersigned Chief Judge for review and obtaining leave to file the pleadings. This Court will review any pleadings submitted, or, in its discretion, submit them to a Magistrate Judge for review. *See Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). The Clerk of Court is **DIRECTED** to not accept anything from Larry Wayne Tolley for filing unless specifically authorized to do so by the Chief Judge or his designee. This injunction shall remain in effect until further order of this Court.

In summary, the pending motions for default and/or default judgment (Docs.18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 83, 84, 85, 86, 87, and 88) are **DENIED**, and the

pending motions to dismiss (Docs. 8, 11, 16, 36, 37, 64, 69, 73, 74, and 92) are **GRANTED**.  This action is **DISMISSED on the merits** for failure to state a claim.  The motion for more definite statement (Doc. 13) and motion to strike (Doc. 57) are **MOOT**.  The Clerk is **DIRECTED** to enter judgment accordingly.  Defendants are awarded their costs.

    **IT IS SO ORDERED.**

    DATED:  12/20/06

                                            s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            Chief United States District Judge